| | |
|---|---|
| **REID COLLINS & TSAI LLP**<br>Marc S T Dworsky (State Bar No. 157413)<br>4450 Via Alegre<br>Santa Barbara, CA 93110<br>(626) 429-4022<br>mdworsky@reidcollins.com<br><br>**REID COLLINS & TSAI LLP**<br>Jonathan M. Kass*<br>300 Delaware Avenue, Suite 770<br>Wilmington, DE 19801-6600<br>(302) 467-1765<br>jkass@reidcollins.com<br><br>**REID COLLINS & TSAI LLP**<br>Minyao Wang*<br>Yonah Jaffe*<br>420 Lexington Avenue<br>Suite 2731<br>New York, NY 10170<br>(212) 344-5200<br>mwang@reidcollins.com<br>yjaffe@reidcollins.com<br><br>*Pro hac vice* applications forthcoming<br><br>*Counsel for Petitioner* | **LABATON SUCHAROW LLP**<br>Ira A. Schochet*<br>140 Broadway<br>New York, NY 10005<br>Telephone: (212) 907-0864<br>Facsimile: (212) 883-7064<br>ischochet@labaton.com<br><br>*Additional Counsel* |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of<br><br>507 SUMMIT LLC,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery For Use In a Foreign Proceeding. | Case No. 23-_____<br><br>**APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |

     507 Summit LLC ("507 Summit" or "Petitioner") respectfully requests an order in substantially the form attached hereto authorizing Petitioner to obtain discovery under 28 U.S.C. § 1782 ("Section 1782") in connection with an appraisal proceeding (the "Appraisal Proceeding")

pending before the Grand Court of the Financial Services Division of the Cayman Islands (the "Grand Court"), to which Petitioner is a party.  In support of its application, Petitioner submits a Memorandum of Law, the Declaration of Samuel Martin Pierce Dawson (the "Dawson Decl.") and the Declaration of Minyao Wang ("Wang Decl.").  Petitioner further states as follows:

1. Petitioner seeks the assistance of this Court to obtain relevant discovery from Kathleen Chien and Linda Chien (together "Respondents") for use in the Appraisal Proceeding.  Respondent Kathleen Chien is a co-founder, a shareholder, the Chief Operating Officer, and the long-time "acting" Chief Financial Officer of 51job, Inc. ("Job51" or the "Company").  As one of the insiders of the Company, she orchestrated a take-private merger (the "Merger") to the detriment of the Company's non-insider public shareholders, including Petitioner.  As a result of the Merger, Petitioner's shares in the Company were involuntarily extinguished for inadequate consideration and the Company was delisted from the NASDAQ stock exchange in New York.  Kathleen Chien was one of the "Management Continuing Shareholders" whose shares were not subject to involuntary cancellation, and she continues to be a shareholder and director of the Company after the Merger.  Respondent Linda Chien, who Petitioner believes is Kathleen's sister, is the Vice President of Investor Relations for the Company.  Petitioner is seeking to establish fair value of its Job51 shares in the Appraisal Proceeding.

2. Petitioner's discovery requests are set forth in the subpoena (the "Subpoenas") attached as Exhibits A and B to the Wang Declaration and relate to the fair value of the shares of the Company that are the subject of the Appraisal Proceeding, including the process leading to the involuntary purchase of the shares of the Company's unaffiliated minority shareholders (including Petitioner).  As set forth in the accompanying submissions, the discovery requested in the Subpoenas cannot be obtained compulsorily in the Appraisal Proceeding because Respondents are not subject to the personal jurisdiction of the Grand Court. But the Grand Court will be receptive to the discovery assistance from this Court.

3. Section 1782 permits litigants in foreign proceedings to obtain discovery in the United States to assist in the foreign litigation.  In particular, Section 1782 states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

4.   The statutory requirements of Section 1782 are satisfied here.  As explained in the accompanying submissions: (1) Respondents reside in this District or alternatively have sufficient contacts in this District to warrant the exercise of this Court's personal jurisdiction; (2) the requested discovery is to be used in the Appraisal Proceeding; and (3) Petitioner is an "interested person" in the Appraisal Proceeding because it is a party to the Appraisal Proceeding before the Grand Court.

5.   This application also meets the discretionary factors of Section 1782.  As explained further in the accompanying submissions: (1) Respondents are not parties to the Appraisal Proceeding and cannot be compelled to provide discovery in that case; (2) the Grand Court is receptive to judicial assistance from a U.S. court; (3) Petitioner is not attempting to circumvent foreign proof-gathering restrictions; and (4) the requested discovery is not intrusive or burdensome. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 244-245 (2004).

6.   Petitioner therefore respectfully requests that this Court expeditiously grants this application for an Order granting Petitioner leave to serve Respondents with the proposed Subpoenas.

7.   WHEREFORE, Petitioner respectfully requests that this Court enter an Order:

   (a)   granting the application for discovery under 28 U.S.C. § 1782;

   (b)   authorizing Petitioner to take discovery from Respondents Kathleen Chien and Linda Chien, by issuing the proposed Subpoenas; and

   (c)   directing Respondents to comply with the Subpoenas issued in this case in accordance with the Federal Rules of Civil Procedure and the Rules of this Court.

| | | | |
|---|---|---|---|
| 1 | Dated: April 10, 2023 | By: | /s/ Marc S T Dworsky |

**REID COLLINS & TSAI LLP**
Marc S T Dworsky (State Bar No. 157413)
4450 Via Alegre
Santa Barbara, CA 93110
(626) 429-4022
mdworsky@reidcollins.com

**REID COLLINS & TSAI LLP**
Jonathan M. Kass*
300 Delaware Avenue, Suite 770
Wilmington, DE 19801-6600
(302) 467-1765
jkass@reidcollins.com

**REID COLLINS & TSAI LLP**
Minyao Wang*
Yonah Jaffe*
420 Lexington Avenue
Suite 2731
New York, NY 10170
(212) 344-5200
mwang@reidcollins.com
yjaffe@reidcollins.com

*Counsel for Petitioner*

**LABATON SUCHAROW LLP**
Ira A. Schochet*
140 Broadway
New York, NY 10005
Telephone: (212) 907-0864
Facsimile: (212) 883-7064
ischochet@labaton.com

*Additional Counsel*

*\*Pro hac vice* applications forthcoming

---

4
APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING